MILTON J. HANLEY and TAKAKO HANLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hanley v. Commissioner
Docket No. 20921-84
United States Tax Court
T.C. Memo 1990-53; 1990 Tax Ct. Memo LEXIS 47; 58 T.C.M. (CCH) 1326; T.C.M. (RIA) 90053; January 30, 1990
John S. Yohanan, for the petitioners. Thomas M. Rohall, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This case is before the Court on respondent's Motion for Leave to File Amendment to Answer pursuant to Rule 41(a). [1]
By notice of deficiency dated April 12, 1984, respondent determined the following deficiencies in and additions to petitioners' Federal income tax: Additions to Tax
Taxable Year
Deficiency
Sec. 6653(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1980
$ 1,433.00
$ 72.00
n/a
n/a
1981
2,166.00
n/a
$ 108.00
*
*48 This case was consolidated for trial, and we issued an opinion in the consolidated cases on November 29, 1988. . In preparing the resulting Rule 155 computations, respondent discovered that petitioners' 1981 deficiency apparently should have been $ 2,430 and that the applicable additions to tax should have been correspondingly higher. According to respondent, this omission occurred because the preparer of the notice of deficiency apparently failed to take into account a $ 375 refund that had been issued to petitioners and therefore used the wrong figure for "tax shown on return or as previously adjusted" on the notice of deficiency. No evidence was introduced at trial regarding this issue, nor was the issue discussed on brief. Respondent now seeks to amend his answer to reflect what he argues is the correct deficiency. Section 6214(a) grants the Court jurisdiction to redetermine the correct amount of the tax deficiency even if such amount exceeds the deficiency stated in the notice of deficiency so long as claim is made at or before hearing or rehearing. The term "hearing" as used in section 6214(a) encompasses the *49 entire proceeding up until the decision of the Tax Court has been entered. , affg. ; . The mere provision of jurisdiction does not, however, establish a mandate requiring redetermination where it is not warranted by the facts. . Rule 41(a) allows for amendment of the pleadings "when justice so requires." Moreover, we must consider whether granting respondent's motion will surprise and substantially disadvantage petitioners. See generally . In the instant case, respondent has failed to persuade us that justice requires us to allow him to amend his answer and increase the deficiency. The discrepancy at issue appears to be solely the result of respondent's error in his preparation of the notice of deficiency. In his motion, respondent contends that he notified petitioners' counsel of this discrepancy "some time ago" and petitioners' counsel has not communicated *50 with him since February 1989. Yet respondent does not explain why he waited until November 1989, to move to amend his answer. Our granting of respondent's motion would disadvantage petitioners. The discrepancy at issue was not brought out at trial or in subsequent briefs. Now, one year after we issued our opinion in petitioners' case, respondent seeks to amend his answer. We have not found any facts that would enable us to decide the correctness of respondent's assertions. To require that petitioners address this issue at this late date as a result of respondent's last minute discovery of his own error would unfairly disadvantage petitioners. In light of the foregoing, An appropriate order will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue.↩
*. 50% of the interest due on $ 2,166.00↩